USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-23-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IDEA NUOVA, INC.

                              Plaintiff-Respondent,      08 Civ. 8595 (PKC)

      -against-

                                                              ORDER

GM LICENSING GROUP, INC.

                              Defendant-Petitioner.
-----------------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.:

       A letter from a non-party whose assets have been restrained by a commercial bank by reason of a "Restraining Notice" served by plaintiff's counsel has raised new immediacy to the issue of the propriety of such notices. (Letter of Bradley J. Levien, October 23, 2009)

       The restraining notices purport to have been issued pursuant to CPLR § 5222. While the section speaks at various points of a "judgment creditor" and at other points of a "judgment or order," it would appear to speak of a final judgment or, at least, a final order. Cf. David D. Siegal, McKinney's Practice Commentaries C5222:1 ("The restraining notice becomes available after judgment.")

       Here, the Court's Memorandum and Order of August 19, 2009 concluded as follows:

> For the reasons outlined above, GM's petition for confirmation of the Award is granted. Idea Nuova's motion for summary judgment or, in the alternative, for vacatur or modification of the Award, is denied. Because the Court concludes that Idea Nuova has failed to identify any ground for

vacatur or modification under the FAA, Idea Nuova's claims for such relief in the Second Amended Complaint are also dismissed.

As the prevailing party in this dispute, GM is entitled to an award of the reasonable costs, attorney's fees and other expenses that it has incurred in connection with this action. (Agreement at 3.) The parties are directed to meet and confer regarding the amount of that award. Failing agreement with Idea Nuova, GM is directed to submit a specific award request, with supporting documentation, to the Court for review within 20 days of the date of this Order.

The Court did not direct entry of judgment. The Clerk did not enter judgment on his own pursuant to Rule 58(b), Fed. R.Civ. P. Of course, Rule 54(d)(2)(B), Fed. R. Civ. P., allows a motion for attorneys' fees to be made "after entry of judgment."

Plaintiff's counsel, James P. Cinque, purports to quote a substantive comment by Staff Counsel in the course of a Civil Appeals Management Plan on whether this Court's Memorandum and Order was enforceable as a judgment. (Cinque Letter of October 21, 2009 at 2.) Whether this quotation by experienced counsel was a violation of the Rules of the Second Circuit is not a matter for me to decide. See Calka v. Kucker Kraus & Bruh, 167 F.3d 144 (2d Cir. 1999) (citing Appendix D to Local Rules of the Second Circuit and In re Lake Utopia Paper Limited, 608 F.2d 928 (2d Cir.1979). It suffices to note that the quotation does not stand as legal authority for plaintiff's actions.

Now that it has come to my attention that these restraining notices, if left standing, may place non-parties in default of their credit agreements with other non-parties, I will direct plaintiff's counsel to show cause in writing by 5 p.m. October 26, 2009 why all such notices should be vacated and other relief granted. I will also direct defendant's counsel to show cause in writing by 5p.m. October 26, 2009 why a final judgment ought not be entered based upon the Memorandum and Order of August 19, 2009, subject to amendment based upon any subsequent award of attorneys' fees.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 23, 2009